## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIJI NAIDU<br>1922 Cornwell Ave.<br>Philadelphia PA 19115<br><br>Plaintiff<br>v.<br><br>TEVA PHARMACEUTICALS<br>1090 Horsham Road<br>North Wales, PA 19454<br><br>Defendant. | CIVIL ACTION COMPLAINT<br><br>CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Viji Naidu (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Teva Pharmaceuticals (hereinafter "Defendant").

## INTRODUCTION

1.      Plaintiff initiates this action to redress Defendant's violations of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). Defendant subjected Plaintiff to discrimination on the basis of her sex and fired her in retaliation for her complaints of same. As a result of Defendant's unlawful actions, Plaintiff has suffered damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claimed herein arise under laws of the United States, Title VII, *et seq.* This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to

Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367 (a).

3.      This Court may properly maintain personal jurisdictions over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4.      Pursuant to 28 U.S.C. §1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff has exhausted all administrative remedies required as a prerequisite to the filing of the instant Title VII claims by filing the instant action within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Plaintiff is an adult individual with an address as set forth in the caption.

8.      Defendant is a business entity that operates in Pennsylvania with an address as set forth in the caption.

9.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein as if set forth in full.

11.     On or about December 4, 2006, Defendant hired Plaintiff as a Database Administrator.

12.     In or around August 2013, after several promotions, Plaintiff began working as an Associate Director.

13.     Shortly after such promotion, Defendant hired Kumar Venugopal (hereinafter "Supervisor Venugopal") as the interim Coordinator.

14.     Thereafter, Plaintiff began reporting directly to Supervisor Venugopal.

15.     During each meeting with Plaintiff, Supervisor Venugopal made discriminatory comments to Plaintiff about her sex, including but not limited to asking Plaintiff if she felt "guilty" because she was "not at home with [her] kids," or "in the kitchen."

16.     Supervisor Venugopal also stated that Plaintiff's husband was "not a man," because Plaintiff was working and not tending to her husband and children.

17.     In or around February 2014, Defendant permanently instated Supervisor Venugopal as Coordinator.

18.     Immediately thereafter, in addition to continuing his sexist commentary, Supervisor Venugopal began giving Plaintiff negative performance reviews in private meetings, and vaguely directed Plaintiff to "make improvements."

19.     When Plaintiff asked for specific areas of improvement, Supervisor Venugopal responded that Plaintiff was "too confrontational," and that Plaintiff had proved his point by asking questions.

20.     Prior to February 2014, Plaintiff only received good performance reviews, and maintained a clean disciplinary record.

21.     In fact, prior to Supervisor Venugopal's hire in August 2013, Plaintiff had received four (4) promotions, attesting to her excellent work performance.

22.     In or around October 2014, Plaintiff complained to Defendant's Director of Diversity and Inclusion Tina Gilbert (hereinafter "Director Gilbert") that Supervisor Venugopal was harassing her with his sexist remarks and unfounded criticisms of her work performance.

23.     Director Gilbert assured Plaintiff she would escalate Plaintiff's complaint of sex discrimination and harassment to Defendant's Human Resources Director Pamela Daknis (hereinafter "HR Director Daknis").

24.     Nonetheless, Supervisor Venugopal continued his sexist commentary and unfair criticisms.

25.     Supervisor Venugopal also began boasting in meetings that he had Defendant's "full support," and that "nobody can touch [him]."

26.     In or around December 2014, Director Gilbert asked Plaintiff if HR Director Daknis had contacted Plaintiff about her complaint of sex discrimination and harassment.

27.     As neither HR Director Daknis nor any representative from HR had contacted Plaintiff, Plaintiff notified Director Gilbert of same.

28.     Director Gilbert stated she was "surprised" that HR Director Daknis had not contacted Plaintiff, since she had personally reported Plaintiff's complaint to HR Director Daknis in or around October 2014.

29.     Since neither HR Director Daknis nor any representative from HR had contacted Plaintiff about her complaint of sex discrimination and harassment, Plaintiff emailed HR Director Daknis requesting a meeting to discuss the unfair PIP and her complaint of sex discrimination and harassment.

30.     Director Daknis refused to meet with Plaintiff, stating that she "did not have time."

31.     On or about February 6, 2015, Supervisor Venugopal issued to Plaintiff a Performance Improvement Plan (hereinafter "PIP").

32.     On or about February 18, 2015, Plaintiff complained to HR Director Daknis about Supervisor Veugopal's ongoing harassment and discrimination on the basis of her gender, and objected to Supervisor Venugopal's PIP as retaliatory.

33.     HR Representative Jessica Graybill (hereinafter 'HR Graybill") emailed Plaintiff in response, and assured Plaintiff that Defendant was investigating Plaintiff's complaint.

34.     Shortly thereafter, Plaintiff's co-worker George Thompson (hereinafter "Co-Worker Thompson") told Plaintiff that he overhead Supervisor Venugopal speaking loudly to other co-workers that Plaintiff was "too-outspoken" and that she did not "conform to a typical Indian woman."

35.     Co-Worker Thompson told Plaintiff that he was so disturbed by Supervisor Venugopal's sexist commentary, that he reported Supervisor Venugopal to HR.

36.     Nonetheless, in or around late March 2015, HR Graybill informed Plaintiff that the investigation of Plaintiff's complaint did not find any evidence of discrimination.

37.     When Plaintiff asked about Co-Worker Thompson's report of Supervisor Venugopal's sexist behavior to HR, HR Graybill told Plaintiff it "didn't matter" and instructed Plaintiff to "work it out" with Supervisor Venugopal.

38.     On or about April 9, 2015, Supervisor Venugopal and HR Graybill fired Plaintiff, stating that although Plaintiff was "great at [her] job, it [wasn't] working out."

39.     In fact, Defendant fired Plaintiff because of her complaints of Supervisor Venugopal's harassment and discrimination on the basis for gender, as well as his harassment and discrimination in retaliation for her complaints of same.

40.     Plaintiff has suffered harm as a result of Defendant's actions.

**COUNT I**
**Violations of Title VII**
**(Sex Discrimination/ Harassment)**

41.     The foregoing paragraphs are incorporated herein as if set forth in full.

42.     Plaintiff was subjected to severe and pervasive sex discrimination and/or harassment which was both offensive and unwelcome.

43.     Defendant failed to remedy the sex discrimination and/or harassment to which Plaintiff was subjected even after receiving notice of same.

44.     Any reasonable person would have felt that he or she was being subjected to sex discrimination and/or harassment due to the highly offensive sexist commentary by Defendant's management, and by Defendant's failure to effectively remedy such discrimination and/or harassment after being put on notice of same, and by Defendant's retaliatory conduct taken in response to Plaintiff's complaints of discrimination and/or harassment.

45.     Defendant's actions as set forth above constitute violations of Title VII.

46.     Plaintiff has suffered harm as a result of Defendant's actions.

**COUNT II**
**Violations of Title VII**
**(Hostile Work Environment)**

47.     The foregoing paragraphs are incorporated herein as if set forth in full.

48.     Plaintiff was subjected to severe and pervasive sex discrimination and/or harassment which was both offensive and unwelcome.

49.     Defendant failed to remedy the sex discrimination and/or harassment to which Plaintiff was subjected even after receiving notice of same.

50.     Any reasonable person would have felt that he or she was being subjected to sex discrimination and/or harassment due to the use of highly offensive sexist commentary tolerated in Defendant's workplace and by Defendant's failure to effectively remedy same.

51.     Defendant's actions as set forth above constitute violations of Title VII.

52.     Plaintiff has suffered harm as a result of Defendant's actions.

**COUNT III**
**Violations of Title VII**
**(Retaliation - Wrongful Termination)**

53.     The foregoing paragraphs are incorporated herein as if set forth in full.

54.     Plaintiff was subjected to severe and pervasive sex discrimination and/or harassment which was both offensive and unwelcome.

55.     Defendant failed to remedy the sex discrimination and/or harassment to which Plaintiff was subjected even after receiving notice of same.

56.     Further, Defendant fired Plaintiff in part for complaining about sex discrimination and/or harassment.

57.     Defendant's actions as set forth constitute violations of Title VII.

58.     Plaintiff has suffered harm as a result of Defendant's actions.

**COUNT IV**
**Violations of PHRA**
**(Sex Discrimination/ Harassment)**

59.     The foregoing paragraphs are incorporated herein as if set forth in full.

60.     Plaintiff was subjected to severe and pervasive sex discrimination and/or harassment which was both offensive and unwelcome.

61.     Defendant failed to remedy the sex discrimination and/or harassment to which Plaintiff was subjected even after receiving notice of same.

62.     Any reasonable person would have felt that he or she was being subjected to sexual harassment and/or sex discrimination due to the use of the highly offensive sexist commentary tolerated in Defendant's workplace and by Defendant's failure to effectively remedy same.

63.     Defendant's actions as set forth above constitute violations of PHRA.

64.     Plaintiff has suffered harm as a result of Defendant's actions.

**COUNT V**
**Violations of PHRA**
**(Hostile Work Environment)**

65.     The foregoing paragraphs are incorporated herein as if set forth in full.

66.     Plaintiff was subjected to severe and pervasive sex discrimination and/or harassment which was both offensive and unwelcome.

67.     Defendant failed to remedy the sex discrimination and/or harassment to which Plaintiff was subjected even after receiving notice of same.

68.     Any reasonable person would have felt that he or she was being subjected to sexual harassment and/or sex discrimination due to the use of the highly offensive sexist commentary tolerated in Defendant's workplace and by Defendant's failure to effectively remedy same.

69.     Defendant's actions as set forth above constitute violations of PHRA.

70.     Plaintiff has suffered harm as a result of Defendant's actions.

**COUNT VI**
**Violations of PHRA**
**(Retaliation- Wrongful termination)**

71.     The foregoing paragraphs are incorporated herein as if set forth in full.

72.    Plaintiff was subjected to severe and pervasive sex discrimination and/or harassment which was both offensive and unwelcome.

73.    Defendant failed to remedy the sex discrimination and/or harassment to which Plaintiff was subjected even after receiving notice of same.

74.    Further Defendant fired Plaintiff in part for complaining about sex discrimination and/or harassment.

75.    Defendant's actions as set forth above constitute violations of PHRA.

76.    Plaintiff has suffered harm as a result of Defendant's actions.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff or anyone else on any basis forbidden by Title VII and PHRA;

B.    Defendant is to promulgate and adhere to a policy prohibiting sex discrimination and/or harassment, and retaliation;

C.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, insurance benefits, and other benefits;

D.    Plaintiff is to be awarded actual damages, as well as damages for the pain, emotional distress, suffering, and humiliation caused by Defendant's actions;

E.    Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant and other employers from engaging in such misconduct in the future;

F.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable law; and

H.      Plaintiff is permitted to have a trial by jury.

Respectfully Submitted,

*/s/ Manali Arora*
Manali Arora, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685- 7420
Fax: (856) 685- 7417

Date: September 1, 2016